UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No.: 1:19-cv-11306
NICHOLAS LANDATO,

                    Plaintiff,   **COMPLAINT**

         -against-

                                    Plaintiff Demands a Trial by Jury

FACTORY DIRECT ENTERPRISES, LLC, individually
and d/b/a "ASHLEY FURNITURE HOMESTORE,"
ETHEL BARTOLI, individually, and TANEEYA
NICKERSON, individually,

                    Defendants.
------------------------------------------------------------------------X

Plaintiff, by and through his attorneys, Phillips & Associates, PLLC, upon information and belief, complains of Defendants as follows:

## INTRODUCTION

1. Plaintiff complains pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e et seq. ("Title VII"), and to remedy violations of the Executive Law of the State of New York, based upon the supplemental jurisdiction of this Court pursuant to *Gibbs*, 383 U.S. 715 (1966) and 28 U.S.C. §1367, seeking damages to redress the injuries Plaintiff has suffered as a result of being harassed and discriminated against by the Defendants on the basis of his race and sex, together with creating a hostile work environment, retaliation, and wrongful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §1981; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

1

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about February 20, 2019, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

6. On or about September 13, 2019, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is brought within ninety (90) days of said Notice of Right to Sue Letter.

## PARTIES

8. Plaintiff is a Caucasian male resident of the State of New York, County of Sullivan.

9. At all times material, Defendant FACTORY DIRECT ENTERPRISES, LLC, individually and d/b/a "ASHLEY FURNITURE HOMESTORE" (hereinafter also referred to as "ASHLEY FURNITURE") was and is a domestic limited liability company duly incorporated under the laws of the State of New Jersey.

10. At all times material, Defendant ASHLEY FURNITURE operates a retail furniture and décor store located at 400 NY-211, Middletown, NY 10940.

11. At all times material, Defendant ETHEL BARTOLI (hereinafter also referred to as "BARTOLI") was and is a resident of the State of New York.

12. At all times material, Defendant BARTOLI was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

13. At all times material, Defendant TANEEYA NICKERSON (hereinafter also referred to as "NICKERSON") was and is a resident of the State of New York.

14. At all times material, Defendant NICKERSON was Plaintiff's supervisor and/or had supervisory authority over Plaintiff.

15. At all times material, Defendant ASHLEY FURNITURE, Defendant BARTOLI, and Defendant NICKERSON are hereinafter collectively referred to as "Defendants."

16. At all times material, Plaintiff was an employee of Defendants.

## MATERIAL FACTS

17. On or about October 23, 2018, Plaintiff applied for a "Warehouse/Visual Merchandising Assistant" position at Defendant ASHLEY FURNITURE.

18. The next day, Defendants' "Director of Talent Acquisitions," Nadine Cedro, telephoned Plaintiff and scheduled an interview with Defendants' "Regional Manager," Karin McCoy (Caucasian) at Defendants' 400 NY-211, Middletown, NY 10940 location.

19. Shortly thereafter, and based on Plaintiff's interview with Ms. McCoy, Ms. Cedro telephoned Plaintiff and offered him the position. Plaintiff accepted.

20. During the call, Ms. Cedro told Plaintiff that he would have to attend Defendants' "Employee Orientation" on October 29, 2018 at Defendants' 925 Paterson Plank Rd, Secaucus, NJ 07094 location.

21. On or about October 29, 2018, during the orientation, Plaintiff noticed that he was the only Caucasian employee out of seven (7) new employees. The other new employees were Hispanic or African-American.

22. On or about October 30, 2018, Plaintiff started working at Defendants' Middletown location. Plaintiff's duties included assembling furniture, cleaning and organizing furniture, and performing other support duties as needed.

23. That day, Plaintiff worked and trained directly with his supervisor, Ms. McCoy.

24. On or about October 31, 2018, the next day, Defendants' "Store Manager," Defendant BARTOLI, approached Plaintiff while he was working and said, "**Oh, [Ms. McCoy] hired a white guy**," and walked away.

25. Later that day, Plaintiff complained to Ms. McCoy about Defendant BARTOLI's racial comment, stating, "Why did [Defendant BARTOLI] just say that? She just met me, and she's surprised that you hired a white guy?" Ms. McCoy merely smiled and walked away.

26. Defendants knew or should have known about Defendant BARTOLI's racial animus toward Caucasian employees.

27. At work, Plaintiff also noticed that Defendant BARTOLI pursued and/or flirted with her African-American subordinates, greeting and/or referring to them with, "Hey sugar," and "Hey, baby."

28. On or about November 1, 2018, while Plaintiff was assembling a table, Defendant BARTOLI approached Plaintiff and stated again, "**Look at you. Just a lazy white guy**."

29. Later that day, Plaintiff approached one of his Caucasian male coworkers, Patrick (last name currently unknown), and asked, "Hey, why is [Defendant BARTOLI] harassing me about being a white guy? That's all she said to me since I started here. I'm just out here doing my job." Patrick replied, "That's how it is over here."

30. During their conversation, Patrick showed Plaintiff a number of group chat text messages between employees. In the messages, the female employees stated that they worked better than the male employees at Defendant ASHLEY FURNITURE. Patrick then said, "All the girls at the front ("Visual Merchandising") wanted another woman to be hired, not another guy."

31. The next day, on or about November 2, 2018, Plaintiff complained to Ms. McCoy about

4

Defendant BARTOLI and his female coworkers' racial and sex-based comments. Plaintiff also stated, "**I want to make a complaint to Human Resources (HR) about this. It's not right. I'm just trying to do my job. It doesn't matter if I'm a man or a woman**." Ms. McCoy replied, "I'm going to have HR come in here with (Defendants' "Director of Operations") Rachael Barger." Ms. McCoy then left the store.

32. That afternoon, while he was working, Plaintiff noticed that Ms. Barger left the store without meeting with him regarding his complaint.

33. Then, Plaintiff approached Defendants' "HR Business Partner," Defendant NICKERSON (African-American), and stated, "**Hi, I wanted to make a complaint to management and HR about the way I'm being treated at work because I'm a white male**." Defendant NICKERSON waved Plaintiff away, stating, "Leave, I'm on the phone!"

34. Later that same day, Plaintiff approached Defendant NICKERSON again and asked, "Do you have time for me now? I want to make a formal complaint of discrimination because I'm a white male. Where's [Ms. McCoy]? I told her about it too, and she said we're supposed to have a meeting about it today." Defendant NICKERSON became visibly angry and stated, "You know something? You're done. [Defendant BARTOLI] wants a woman working here. You're temporary anyway. Get your stuff and get out of here."

35. True to form, shortly thereafter, Defendants replaced Plaintiff with a female employee.

36. Defendants terminated Plaintiff because of his race.

37. Defendants terminated Plaintiff because of his sex.

38. Defendants would not have harassed Plaintiff but for his race and sex.

39. Defendants would not have retaliated against Plaintiff but for his complaints about Defendants' unlawful actions.

40. Defendants' actions were intended to, and did, create a hostile work environment that no reasonable person would tolerate.

41. As a result of Defendants' actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, violated, embarrassed, and emotionally distressed.

42. As a result of Defendants' discriminatory and intolerable treatment of Plaintiff, he suffered, and continues to suffer, severe emotional distress and physical ailments.

43. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses and emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

44. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against all of the Defendants and severally, jointly

**AS A FIRST CAUSE OF ACTION**
**UNDER FEDERAL LAW**
**42 U.S.C. Section 1981**

45. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

46. 42 U.S.C. Section §1981 states in relevant part as follows:

   (a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

(b) "Make and enforce contracts" defined.  For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

47. Plaintiff, a member of the Caucasian race, was discriminated against because of his race as provided under 42 U.S.C. Section 1981, as well as being retaliated against for complaining about the harassment and has suffered damages as set forth herein.

### AS A SECOND CAUSE OF ACTION
### UNDER TITLE VII
### DISCRIMINATION
### (Against the Corporate Defendant Only)

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. Section(s) 2000e et Seq., as amended, for relief based upon the unlawful employment practices of the above-named Defendants.  Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex and race.

50. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of his sex and race, together with creating a hostile work environment and wrongful termination.

### AS A THIRD CAUSE OF ACTION
### UNDER TITLE VII
### RETALIATION
### (Against the Corporate Defendant Only)

51. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

   "(1) to…discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

53. Defendant ASHLEY FURNITURE engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e et seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to its unlawful employment practices.

### AS A FOURTH CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

54. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's . . . race… sex… to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

56. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race and sex, together with creating a hostile work environment and wrongfully terminating Plaintiff's employment.

57. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW
## **RETALIATION**

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

60. Defendants engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff because of his opposition to his employer's unlawful employment practices.

## AS A SIXTH CAUSE OF ACTION
## UNDER STATE LAW
## **AIDING AND ABETTING**

61. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

63. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**WHEREFORE,** Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. § 1981, Title VII, and the New York State Executive Law, on the basis of Plaintiff's race and sex, together with creating a hostile work environment, retaliation, and wrongful termination;

B. Awarding damages to the Plaintiff, for all lost wages and benefits, past and future, back pay and front pay and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relied as the Court deems just and proper.

Dated: December 10, 2019

By: _____
**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*
Silvia C. Stanciu, Esq.
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431

11